### HENRY SCHWARTZ v. THE B. C. EVANS COMPANY.

#### No. 2655.

**Compromise and Settlement.**—It was reversible error to sustain a general demurrer to a plea in substance that for the purpose of settling the matter in controversy it had been agreed upon before suit by the parties that defendant should pay to plaintiff $250 in full satisfaction of all demands, including notes sued on; that subsequently, under the agreement, defendant had delivered to plaintiff a gold watch at agreed value of $125, which was accepted as part payment upon said compromise, and that afterwards defendant tendered to plaintiff $125 and interest from the date of said settlement, but plaintiff refused to receive the same. The plea was good on general demurrer.

APPEAL from Tarrant.    Tried below before Hon. R. E. Beckham.
The opinion states the case.

*Hogsett & Greene,* for appellant.—The court erred in sustaining the
general demurrer of plaintiff, filed November 11, 1887, to the last plea in
defendant's amended original answer, filed November 8, 1887.    The plea
demurred to set up a compromise and settlement of matters in dispute,
and was a valid plea of compromise.    Camoron v. Thurmond, 56 Texas,
34, 35;  Little v. Allen, 56 Texas, 139;  Stewart v. Railway, 62 Texas, 248,
249; Wehrum v. Kuhn, 61 N. Y., 623; Bish. on Con., sec. 56; 3 Lead. Cases
Eq., note, pp. 1703–7.

No brief for appellee.

ACKER, PRESIDING JUDGE.—Suit by the B. C. Evans Company against
Henry Schwartz on several promissory notes, aggregating over a thousand
dollars, all dated June 25, 1884.

Defendant answered, interposing several defenses, and specially pleaded
"that in November, 1885, plaintiff claimed to have and hold a balance
of indebtedness against defendant by reason of the notes sued on, and for
merchandise sold to defendant, of about five hundred dollars; that de-
fendant claimed that the amount he owed plaintiff on said matters was a
sum much less than five hundred dollars; that for the purpose of settling
said dispute and controversy, on the said date it was mutually agreed by
and between plaintiff and defendant, that defendant should pay plaintiff
two hundred and fifty dollars, which sum should constitute and be a pay-
ment in full of all demands, including all claims by reason of any balance
on the notes here sued on; and that afterwards, in pursuance of said agree-
ment, and in part payment of said two hundred and fifty dollars, defend-
ant paid and delivered to plaintiff a fine gold watch, at and for the agreed
price of one hundred and twenty-five dollars, which was by plaintiff taken
and accepted in pursuance of said agreement, and that defendant after-
wards tendered to plaintiff one hundred and twenty-five dollars and in-
terest thereon from the date of said settlement, but plaintiff refused to
receive the same."

Plaintiff presented a general demurrer to this special plea, which was
sustained, and there was verdict and judgment for six hundred and thirty-
five dollars, from which defendant appealed.

The transcript contains no statement of facts, and there is no appear-
ance here for appellee.

The only assignment of error is that the court erred in sustaining the
general demurrer to the special plea.    The demurrer admits the truth of
the matters stated in the plea, and in passing upon the sufficiency of the
plea, as against a general demurrer, every reasonable intendment arising

upon the averments of the plea will be indulged in favor of its sufficiency.    The question raised by the demurrer is whether the plea discloses a defense to the case made by the petition.    If it does it must be held sufficient, although it may appear defective in the manner in which the defense is stated.    Rule 17; Prewitt v. Farris, 5 Texas, 376; Robertson v. Davenport, 40 Texas, 341.

The plea does not state with certainty the time of the alleged part performance and tender of performance of the balance of the contract of settlement by defendant, but it does not appear from the plea that time was of the essence of the contract.

We think the plea set up a good defense and was sufficient as against the general demurrer.

We are therefore of opinion that the judgment of the District Court should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted November 26, 1889.